**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| June V. Dove,                              ) | No. CV 12-01535-PHX-FJM |
|                                            ) | |
| Plaintiff,                                 ) | **ORDER** |
|                                            ) | |
| vs.                                        ) | |
|                                            ) | |
| Ocwen Loan Servicing, LLC, et al.,         ) | |
|                                            ) | |
| Defendants.                                ) | |
|                                            ) | |

The court has before it defendants' motion to dismiss (doc. 7) and request for judicial notice (doc. 8), to which plaintiff failed to respond. Defendants seek dismissal under Rules 8, 9(b), and 12(b)(6), Fed. R. Civ. P.

Defendants attach seven documents to their request for judicial notice in support of their motion to dismiss. Exhibits one, two, three, four, and seven are properly subjects of judicial notice because they are matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Exhibits five and six are records from plaintiff's case in the United States Bankruptcy Court for the District of Arizona. Proceedings in other courts are proper subjects of judicial notice. United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). "Moreover, documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The court will take judicial notice of all seven exhibits.

Plaintiff borrowed $405,000 in 2006 to purchase a house in Scottsdale, Arizona (doc. 8, ex. 1). The loan was secured by a deed of trust to the property. Plaintiff later defaulted on her mortgage payments and a notice of trustee's sale was recorded November 14, 2008 (doc. 8, ex. 4). Plaintiff filed for bankruptcy and the bankruptcy court granted Ocwen Loan Servicing, LLC's ("Ocwen") predecessor's motion for relief from the automatic stay with respect to plaintiff's house (doc. 8, ex. 6). The house was sold at a trustee's sale on April 13, 2012 for $401,000. Plaintiff filed this action on June 4, 2012 and defendants Ocwen and U.S. Bank removed on July 16, 2012.

Plaintiff's complaint names several defendants, but no claims are alleged against any defendant besides Ocwen. It also appears that no defendant other than Ocwen has been served. The complaint is nearly unintelligible. Rather than list causes of action, it lists "reasons for wrongful foreclosure" (doc. 1, ex. A at 8). It asks us to rescind the foreclosure, order a loan modification with an affordable payment, discharge all fees over the original mortgage amount, and award punitive damages for wrongful foreclosure and wrongful eviction.

Plaintiff's complaint fails to satisfy the standards of Rule 8, Fed. R. Civ. P. Far from containing "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint leaves a reader wondering what causes of action plaintiff intends to assert. Rule 8(a)(2), Fed. R. Civ. P. The complaint lists causes of action without any supporting facts. In other places it describes theories but it is not clear if they are intended to support a wrongful foreclosure claim or intended to be claims themselves.

Dismissal under Rule 12(b)(6), Fed. R. Civ. P., may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff's complaint lacks cognizable legal theories and sufficient facts and thus fails to state a claim upon which relief can be granted.

The "show me the note" theory has been rejected by the Arizona Supreme Court. Hogan v. Washington Mut. Bank, N.A., 277 P.3d 781, 783 (Ariz. 2012). Nothing in the deed

1  of trust promises that plaintiff would receive a loan modification if she defaulted on her
2  payments. Plaintiff fails to plead facts that show that she ever entered into a binding loan
3  modification agreement. Plaintiff waived her objections to the trustee's sale by failing to
4  raise them before the sale took place, and cannot now rescind the sale. See A.R.S. § 33-
5  811(C).

6  There is no cause of action for predatory lending. See Skinner v. Deutsche Bank.
7  National Trust Co., No. 11-CV-710-PHX-GMS, 2011 WL 6153631, at *3 (D. Ariz. Dec. 12,
8  2011). To the extent plaintiff's claim for predatory lending is based on fraud, she fails to
9  plead fraud with the particularity required by Rule 9(b), Fed. R. Civ. P. Wrongful
10 foreclosure is not a recognized cause of action in Arizona. Cervantes v. Countrywide Home
11 Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). Negligent infliction of emotional distress
12 is an available claim only where one witnesses the injury or death of a closely related person,
13 or suffers mental anguish manifested as physical injury. Pierce v. Casas Adobes Baptist
14 Church, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989). There are no factual allegations
15 to support these elements. Plaintiff failed to plead facts supporting a claim for intentional
16 infliction of emotional distress, which requires a showing of extreme and outrageous
17 conduct. See Ford v. Revlon, Inc., 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987).

18 Accordingly, **IT IS HEREBY ORDERED GRANTING** defendants' motion to
19 dismiss (doc. 7). All claims against defendants are dismissed with prejudice because any
20 amendment to the complaint would be futile.

21 We urge plaintiff to seek the advice of a lawyer. If she does not have one, she may
22 wish to call the Lawyer Referral Service of the Maricopa County Bar Association at 602-
23 257-4434.

24 DATED this 24th day of August, 2012.

25

26 _Frederick J. Martone_
27 Frederick J. Martone
   United States District Judge
28